# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERMAINE SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2633** |
| **CHRIS STINSON, WARDEN** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the petition, this court has determined that a federal evidentiary hearing is unnecessary at this time. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, this court recommends that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Jermaine Scott, is incarcerated in the Madison Parish Detention Center in Tallulah, Louisiana.[2] On March 31, 2001, Scott was charged by bill of

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 10.

information in Jefferson Parish with three counts of armed robbery with a firearm in violation of La. Rev. Stat.§ 14:64 and La. Rev. Stat. § 14:64.3.[3]

Scott originally entered a not guilty plea on April 11, 2011.[4] After being found competent to proceed, Scott withdrew his former plea and entered a guilty plea to the charges on January 3, 2012.[5] That same day, the state trial court sentenced Scott to eighteen (18) years in prison on each count to be served concurrently and without benefit of parole, probation or suspension of sentence.[6]

Scott's conviction became final thirty (30) days later, on Thursday, February 2, 2012, because he did not pursue a direct appeal or further review of his sentence. Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir.2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir.2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).

---

[3]St. Rec. Vol. 1 of 2. Two co-defendants were also charged in the bill of information. Scott was charged in counts one, two, and four of the bill.

[4]St. Rec. Vol. 1 of 2, Arraignment Minutes, 4/18/11.

[5]St. Rec. Vol. 1 of 2, Plea and Sentencing Minutes, 1/3/12; Motion to Appoint Sanity Commission, 6/17/11; Hearing Minutes, 7/6/11; Motion to Re-Urge Competency to Proceed Issues Previously Denied, 8/12/11; Hearing Minutes, 10/19/12; St. Rec. Vol. 2 of 2, Plea and Sentencing Transcript, 1/3/12.

[6]St. Rec. Vol. 1 of 2, Plea and Sentencing Minutes, 1/3/12; Plea and Sentencing Transcript, 1/3/12.

Scott filed several motions for production of documents in March and September 2012.[7] The trial court granted the relief sought in those motions.[8]

On November 6, 2012, Scott submitted an application for post-conviction relief in the state trial court.[9] In that application, Scott asserted: (1) he received ineffective assistance of counsel; (2) he was denied due process and (3) he was denied equal protection. Scott also filed a motion to clarify his sentence that same day.[10] On January 4, 2013, the state trial court denied relief finding no merit in the claims raised in Scott's application for post-conviction relief.[11] The trial court also denied the motion to clarify sentence.[12]

On March 11, 2013, Scott filed with the Fifth Circuit Court of Appeal a petition for writ of mandamus relative to a motion for production of documents.[13] On April 1, 2013, the Fifth Circuit found that the trial court had ruled on Scott's motions for production of documents and denied the writ application as moot.[14]

---

[7]St. Rec. Vol. 1 of 2, Motion for Production of Documents, 3/5/12; Motion for Production of Documents, 9/28/12.

[8]St. Rec. Vol. 1 of 2, Trial Court Order, 4/10/12; Trial Court Order, 11/7/12.

[9]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief, p. 6, 11/13/12 (dated 11/6/12).

[10]St. Rec. Vol. 2 of 2, Motion to Clarify Concurrent Sentence, 11/6/12.

[11]St. Rec. Vol. 2 of 2, Trial Court Order, 1/4/13.

[12]St. Rec. Vol. 2 of 2, Trial Court Order, 1/4/13.

[13]St. Rec. Vol. 2 of 2, Petition for Writ of Mandamus, 13-KH-231, 3/11/13.

[14]St. Rec. Vol. 2 of 2, Firth Circuit Order, 13-KH-231, 4/1/13.

Twenty (20) months later, Scott filed a petition for writ of mandamus on January 13, 2015 alleging he had filed a motion for out of time appeal in the trial court on November 5, 2014 and that the trial court had failed to rule on the motion.[15] On February 27, 2015, the Fifth Circuit found that the record failed to show that Scott had filed a motion for out of time appeal and denied relief.[16]

Scott filed a motion for extension of time seeking to file an application for post-conviction relief with the trial court on March 30, 2015.[17] On April 1, 2015, the trial court denied the motion for extension of time but indicated that if petitioner filed subsequent pleadings, "the court will review carefully in order to determine if he has proven an exception to the time limitation."[18] On April 24, 2015, Scott filed a motion for supervisory writ of review with the Fifth Circuit.[19] On May 14, 2015, the Fifth Circuit denied relief.[20]

Scott filed a writ application with the Fifth Circuit on June 4, 2015, alleging that the trial court failed to rule on a motion for out of time appeal he filed on March 30,

---

[15]St. Rec. Vol. 2 of 2, Petition for a Writ of Mandamus, 15-KH-59, 1/22/15.

[16]St. Rec. Vol. 2 of 2, Fifth Circuit Order, 15-KH-59, 2/27/15.

[17]St. Rec. Vol. 2 of 2, Motion for Extension of Time, 3/30/15 (dated 3/25/15).

[18]St. Rec. Vol. 2 of 2, Trial Court Order, 4/1/15.

[19]St. Rec. Vol. 2 of 2, Motion for Supervisory Writ of Review, 15-KH-289, 4/24/15.

[20]St. Rec. Vol. 2 of 2, Fifth Circuit Order, 15-KH-289, 5/14/15.

2015.[21] On June 23, 2015, the Fifth Circuit found that the record failed to show that Scott had filed a motion for out of time appeal and denied relief.[22]

Scott next filed with the trial court a motion to file an out of time application for post-conviction relief on August 26, 2015.[23] The trial court denied the motion on September 15, 2015.[24]

Almost one year later, he submitted an untimely writ application to the Louisiana Supreme Court on September 2, 2016.[25] The Louisiana Supreme Court refused to consider the writ application, finding it untimely under La. S. Ct. Rule X § 5.[26]

II.   FEDERAL HABEAS PETITION

On March 27, 2015, the clerk of this court filed Scott's petition for federal habeas corpus relief in which he asserts the same claims he raised in his application for post-conviction relief: (1) ineffective assistance of counsel; (2) violation of due process; and (3) violation of equal protection. The State filed a response in opposition to Scott's

---

[21]St. Rec. Vol. 2 of 2, Application for Writ of Certiorari Prohibition and Mandamus, 15-KH-387, 6/4/15.

[22]St. Rec. Vol. 2 of 2, Fifth Circuit Order, 15-KH-387, 6/23/15.

[23]St. Rec. Vol. 2 of 2, Motion for Out of Time Appeal to File Post Conviction Application, 8/26/15.

[24]St. Rec. Vol. 2 of 2, Trial Court Order, 9/15/15.

[25]St. Rec. Vol. 2 of 2, Motion for Out of Time Appeal for Review of Appellate Court's Denial #15-KH-387, 9/7/16 (dated 8/29/16). September 2, 2016 represents the effective day Scott submitted the writ application because it was the day the application was mailed. See La. S. Ct. Rule X § 5 (d).

[26]State ex rel. Scott v. State, 204 So. 2d 607 (La. 2016); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 16-KH-1670, 11/7/16.

5

petition, arguing that the petition was untimely filed under federal law and that the claims are unexhausted and, therefore, technically in procedural default.[27]

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[28] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Scott's petition, which, for reasons discussed below, is deemed filed in a federal court on March 20, 2017.[29]

---

[27]Rec. Doc. No. 15.

[28]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Scott's federal habeas petition on June 30, 2017, when the filing fee was received. Scott certified under penalty of perjury that he placed the original pleadings into the prison mail system on March 20, 2017. Rec. Doc. No. 10-1, p. 7. He has declared this to be the date on which he delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir.2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 378).

6

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has asserted that Scott's federal petition was not timely filed and that his unexhausted claims are now in procedural default. For the following reasons, the record supports the State's conclusions, and Scott's petition should be dismissed, because it is both time-barred and technically procedurally defaulted.

IV.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

7

State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Scott must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given all appropriate state courts an opportunity to address each of his claims, either on direct appeal or in post-conviction proceedings through the Louisiana Supreme Court. However, Scott has not asserted any of his claims beyond the state trial court, where his claims were denied as meritless on post-conviction review. He did not file for review of these claims in Louisiana Fifth Circuit or the Louisiana Supreme Court. In his sole filing to the Louisiana Supreme Court, Scott challenged the trial court's April 1, 2015 denial of his motion for

extension of time to file for post-conviction relief.[30]  The motion for extension of time to which Scott referred did not set forth any substantive claims challenging his conviction; it instead sought additional time to file a second motion for post-conviction relief.[31]  Thus, the claims presented in this court have not been exhausted.

The record discloses no good cause for Scott's failure to exhaust his claims, and this court can find none from its review of the record.  Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).  Scott's pro se status does not excuse his failure to exhaust.  White v. Lea, Civ. Action No. 14–1782, 2015 WL 222360, at *5 (E.D. La. Jan. 14, 2015) (citing Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir.2004) and Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir.2007)); Messick v. Cain, Civ. Action No. 12–2945, at *14 (E.D. La. Dec. 29, 2014), certificate of appealability denied, No. 15-30035 (5th Cir. Oct. 7, 2015).  Ordinarily, I would recommend that the petition be dismissed without prejudice to allow Scott to exhaust available state court remedies before seeking federal relief.  However, allowing him to attempt complete exhaustion would be futile in this case.  As argued by the State, Scott did not timely file his federal petition under the AEDPA.  The untimeliness of his filing is dispositive of his case and

---

[30]St. Rec. Vol. 2 of 2, Motion for Out of Time Appeal for Review of Appellate Court's Denial #15-KH-387, 16 KH 1670, 8/29/16.

[31]St. Rec. Vol. 2 of 2, Motion for Extension of Time, 3/30/15 (dated 3/25/15).

9

renders exhaustion unnecessary. For the following reasons, Scott's petition should be dismissed with prejudice as time-barred.

V.      STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[32] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). As discussed above, Scott's conviction became final for AEDPA purposes on February 2, 2012. Thus, under a literal application of the statute, Scott had one year from the date his conviction became final, until February 2, 2013, to file his federal habeas corpus petition, which he did not do. See La. S. Ct. Rule X § 5; Butler, 533 F.3d at 317. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[32]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu–Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only when the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418–19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Scott has suggested that his limited education and "mental health issues," his reliance for assistance on other inmates to assist with his filings and the failure of the trial court to advise him of the time limitation within which to file a state application for post-conviction relief constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled. Scott, however, was in fact found competent to proceed by the state trial court. Further, he was advised of the two year limitation within which to file a state application for post-conviction relief.[33] Moreover, it is clear that a prisoner's pro se status, lack of education, and mere ignorance of the law do not constitute rare and exceptional circumstances warranting equitable tolling. See, e.g.,

---

[33] St. Rec. Vol. 1 of 2, Plea of Guilty & Waiver of Rights Form, 1/3/12.

Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); accord Gonzales v. Wilkinson, 269 F. App'x 481, 486 (5th Cir. 2008) (the fact that petitioner did not have assistance of counsel for his post-conviction briefing does not warrant equitable tolling).

Scott has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable

12

tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which <u>a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward</u> any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan v. Johnson, 154 F.3d 186, 99 n. 1 (5th Cir. 1998). The Supreme Court has clearly described this provision as a tolling statute. Duncan v. Walker, 533 U.S. 167, 175–78 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug.27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771–72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "conform with a state's applicable procedural filing requirements," such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–07 n. 4 (5th Cir. 2000)(quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384–85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604–05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219–20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "further appellate review [is] unavailable under [Louisiana's] procedures."

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99–3364, 2001 WL 995164, at *5 (3rd Cir. Aug.30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686–88 (5th Cir. 2005).

Requests for document and transcript copies, like those submitted by Scott in 2012 and 2013, are not other collateral review for purposes of the tolling calculation because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (mandamus is not post-conviction or other collateral review); Flanagan, 154 F.3d at 199; Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01–3080, 2002 WL 63541 (E.D. La. Jan. 16,

2002) (Vance, J.); Jones v. Johnson, No. 01–CV–0115–G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751–52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Scott's case on February 3, 2012, the day after his conviction became final. The limitations period ran without interruption for 277 days, until November 6, 2012, when Scott's state court post-conviction application was deemed filed in the state trial court. The motion remained pending until February 4, 2013 when he did not seek review of the trial court's order denying relief on January 4, 2013.[34]

The one-year AEDPA statute of limitations period again started to run on February 5, 2013, did so uninterrupted for the remaining 88 days, until Friday, May 3, 2013, when it expired. Scott had no properly filed state application for post-conviction relief or other collateral review pending in any state court during that time. In fact, after the trial court's denial of the application for post-conviction relief, Scott would allow an additional 709 days to pass before he submitted his next filing, a petition for writ of mandamus to the Fifth Circuit on January 15, 2015. He submitted that filing 622 days after the expiration of the AEDPA statute of limitations.

---

[34]The final day was Sunday, February 3, 2013, which extended the last day of the period to the next business day, Monday, February 4, 2013. Fed. R. Civ. 6(a)(1)(C).

Under the mailbox rule, Scott's federal petition is deemed filed on March 20, 2017, which was nearly four years after the AEDPA one-year statute of limitations expired on May 3, 2013. His federal petition was not timely filed and must be dismissed with prejudice for that reason.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Scott's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).

New Orleans, Louisiana, this \_\_\_18th\_\_\_ day of December, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE